Reese, J.
delivered the opinion of the court.
Samuel C. George, who was a citizen of, and resident within the State of Kentucky, was the partner of a mercantile firm conducted in said State, of which John H. Lee was the other partner. John H. Lee died, and George obtained letters of administration upon his personal estate in the State of Kentucky., At the time of his death there was in his possession a sum of money which George, supposing that it belonged to Lee individually, paid over to Thomas Lee, of Tennessee, in his lifetime, who was next of kin to said John H. Lee. The bill alleges that this money, in part, belonged to the firm; that it was paid over by mistake, and the object of the bill is to have the money refunded by the defendant, the representative of the testator, Thomas Lee.— This raises a controversy of mere facts only. A number of witnesses were before the clerk and master, upon a reference, to ascertain how this matter was, and some of them testified to circumstances tending to show that the money belonged individually to John H. Lee, and some of thém to circumstances tending to show that the money belonged to the firm'. The clerk and master reported that it belonged to the partnership; and upon exceptions taken to the report, his Honor the Chancellor, so decreed. It would scarcely be profitable to state and comment on the testimony upon which the report and decree are based, or that of an opposite ten *62 dency. It is sufficient to state, as the result of our examination, that we are satisfied with the decree, and therefore, affirm it. But the defendant, in the above bill, filed a cross-bill, impeaching the fairness and accuracy of the settlement of George as administrator in Kentucky, with commissioners there appointed, and praying to set aside the same and have a settlement, made on other principles re-stated. To do this whether on the ground of mistake or fraud, or whatever other ground, would be subversive of fundamental principles, and produce, if adopted throughout the States, the utmost confusion and disaster. The character, powers, duties, and responsibilities of an administrator exist and have scope, and can be the subject of investigation only in the tribunals of the country where administration was granted. They are not extra-territorial. To permit a creditor or distributee to sue him and overhaul the settlement of his accounts in the courts of another country, would make the office of administrator so annoying and so perilous; that no one would consent to fill it. ‘ If fraud, accident or mistake intervene, in the conduct of the administration, to the injury of creditor or distributee, let him resort for redress to the proper forum of the country where administration was granted, and he may obtain it. He cannot obtain it elsewhere. See on this general subject Story’s Confl. Laws, Title, Administrator, and the decisions of our own court in the case of Alsup vs. Alsup; 10 Yerg. Keaton vs. Campbell and Bradford, 2 Hump.
Let the decree in all respects be affirmed.